# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Samual Olguin,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>　　　　　Respondents. | No. CV-24-00581-PHX-GMS<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILILTY AND IN FORMA PAUPERIS STATUS** |

    Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Deborah M. Fine (Doc. 18). The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 30 (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Petitioner was granted an extension through February 21, 2025, within which to file specific written objections (Doc. 20). Petitioner filed objections on February 19, 2025 (Doc. 21) and Respondents filed a reply on March 4, 2025 (Doc. 22).

    In his objections, Mr. Olguin asserts that the trial court deprived him of his Sixth Amendment right to effectively cross-examine his co-defendant, and he appropriately "federalized" his claim by citing to United States Supreme Court cases in his appellate briefing. (Doc. 21, p. 2). However, as the R&R sets forth, Petitioner did not fairly present this constitutional claim in a procedurally appropriate manner. (Doc. 18, p. 13). Because Mr. Olguin did not fairly present his Ground One Claim to the Arizona Court of appeals in

a procedurally appropriate manner, the claim was not exhausted.

Mr. Olguin also asserts that his citation to Arizona Rules of Evidence in his appellate briefing should be construed to include citations to the Federal Rules of Evidence because they are identical  (Doc. 21, p. 7).  Nevertheless, reference to federal evidentiary rules would be insufficient to apprise the state court of a federal constitution claim.  *Cf. Castillo v. McFadden*, 399 F.3d 993, 1001 (9th Cir. 2005) (noting that citation to a federal case that "discussed federal evidentiary rules, not due process principles" was insufficient to "alert[] the Arizona court to his [federal constitutional] claim").

Mr. Olguin further asserts that he cited to "relevant United States Supreme Court cases" in his opening brief.  (Doc. 21, p. 9).  However, as noted in the R&R, it is well established that raising an analogous or closely similar state claim to a federal claim is not sufficient for exhaustion. *See Castillo*, 399 F.3d at 998–99; *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996); *Hiivala*, 195 F.3d at 1106-07.  (Doc. 18, p. 13).  Further, Olguin's citations to federal cases did not alert the state courts that he was making any federal constitution claims (*Id*., pp. 13-15).

Mr. Olguin objects to the R&R's rejection of his claim that his appellate counsel was ineffective because she failed to raise an issue regarding the absence of a limiting instruction on the use of the co-defendant's plea agreement (Doc. 21, pp. 10-12), which he asserts was highly prejudicial. (*Id*. at 11).  However, as pointed out in the R&R, Olguin was unable to show that the courts had unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 687 (1984) in determining he had not shown the required prejudice from the absence of the instruction or appellate counsel's failure to raise the issue.(Doc. 18, pp. 28-29).

The Court agrees with the Magistrate Judge's determinations.  Mr. Holguin's objections do not refute her resulting conclusions about procedural default, or that Petitioner's claims of ineffective assistance of counsel fail on the merits.

The Court thus accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1)

(stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 18) is accepted.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Clerk shall terminate this action.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability should be denied because he has not made a substantial showing of the denial of a constitutional right and because jurists of reason would not find the Court's rejection on constitutional grounds of Petitioner's claims to be "debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Dated this 5th day of March, 2025.

_____
G. Murray Snow
Senior United States District Judge